CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
for Danville
FILED
JAN 23 2008
JOHN ... CORCORAN, CLERK
BY: _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### DANVILLE DIVISION

| | | |
|---|---|---|
| ALBERT G. GAULDIN, | ) | CASE NO. 4:07CV00025 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | REPORT AND RECOMMENDATION |
| v. | ) | |
| | ) | |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner | ) | By: B. Waugh Crigler |
| of Social Security, | ) | U. S. Magistrate Judge |
| | ) | |
| Defendant. | ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's December 23, 2005 applications for disability, disability insurance benefits, and supplemental security income ("SSI") under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416, 423 and 1381 et seq. is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision, and DISMISSING this action from the docket of the court.

In a decision eventually adopted as a final decision of the Commissioner, an Administrative Law Judge (Law Judge) found that plaintiff had not engaged in substantial gainful activity since his alleged disability onset date, August 5, 2005, and that he was insured

for benefits through December 31, 2007. (R. 13, 15.) The Law Judge further found that plaintiff had the following severe impairments: residuals from leg surgery with nerve damage, herniated disc with chronic pain syndrome, and benign essential hand tremor/seizures.[1] (R. 15.) It was determined that when viewed individually or in combination these impairments were not severe enough to meet or equal any listed impairment. (R. 16.) The Law Judge was of the view that plaintiff, a younger individual[2], retained the residual functional capacity ("RFC") to perform medium exertional work, but he was limited in his ability to perform pushing and/or pulling with hand and/or foot controls; could only occasionally climb, balance, and stoop; and could never kneel, crouch or crawl.[3] (R. 16-17.) The Law Judge determined that this RFC precluded plaintiff from returning to his past relevant work as a knitting machine technician. (R. 21.) However, the Law Judge found that there were jobs in the national economy that he could perform[4], and ultimately, that plaintiff was not disabled under the Act. (R. 22-23.)

Plaintiff appealed the Law Judge's decision to the Appeals Council, which found no basis in the record, or in the reasons advanced on appeal, to review the Law Judge's decision. (R. 5-8.) Accordingly, the Appeals Council denied review and adopted the Law Judge's decision as the

---

[1]The Law Judge specifically found that plaintiff's alleged carpal tunnel syndrome, osteoarthritis, hypertension, and anxiety were not severe impairments. (R. 15.)

[2]On his alleged disability onset date plaintiff was forty-eight years old. (R. 22.) Under the Regulations, an individual forty-five to forty-nine years old is a "younger person." 20 C.F.R. §§ 404.1563(c) and 416.963(c).

[3]The Law Judge found no manipulative, visual, communicative, or environmental limitations. (R. 17.)

[4]The Law Judge specifically found that plaintiff could work as a laundry checker, hand/packer/packager, and packing/filling machine operator, which were identified by a vocational expert (VE) who testified at the hearing. (R. 22, 320-326.)

2

final decision of the Commissioner.  This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant.  *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984).  The Regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support.  20 C.F.R. §§ 404.1527 and 416.927; *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996).  In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision.  *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

In a brief filed in support of his motion for summary judgment, plaintiff argues that the Law Judge erred in finding that his allegations regarding the severity, chronicity, and debilitating nature of the extent of his limitations, subjective complaints of pain, and his inability to work, and perform functional activities, activities of daily living, and work-related activities were "not credible." (Plaintiff's Brief, pp. 8-11.)  Specifically, plaintiff contends that the Law Judge erred in relying on the opinion of his primary treating physician, Bozenna M. Liszka, M.D.  (Pl's Brief, pp. 8, 10.)  Plaintiff contends that Dr. Liszka's opinion that he could perform medium exertional work falls short of substantial evidence supporting the Law Judge's finding because Dr. Liszka did not address his functional limitations, and the physician's assessment is not corroborated by the record evidence.  (Pl's Brief, p. 8.)  The undersigned disagrees and finds that the Law Judge's credibility finding, as well as his determination that plaintiff can perform medium exertional work, are supported by substantial evidence.

3

A claimant's subjective complaints of pain must be supported by the objective medical evidence. *Craig v. Chater*, 76 F.3d 585, 591 (4th Cir. 1996); *Johnson v. Barnhart*, 434 F.3d 650, 657 (4th Cir. 2005). Specifically, the evidence needs to show the existence of a medical impairment which could reasonably be expected to produce the amount and degree of pain alleged. *Craig*, 76 F.3d at 591; *Johnson*, 434 F.3d at 657.

On July 12, 2006, Dr. Liszka, plaintiff's primary treating physician, extensively evaluated plaintiff's ability to perform work-related activities from August 5, 2005, his disability onset date, through the date of the assessment. (R. 251-254.) Dr. Liszka found that plaintiff suffered no motor disability which impacted his ability to lift/carry, and he could lift/carry one hundred pounds or more on an occasional basis and fifty pounds on a frequent basis. (R. 251.) The physician further found that his ability to stand and/or walk was not affected by his impairment; that he could stand/walk, with normal breaks, about six hours in an eight-hour workday; that his ability to sit was not affected by his impairment; and that he had no visual/communicative or environmental limitations. (R. 251-254.) Dr. Liszka further determined the following were not impacted: ability to reach in all directions, including overhead; gross manipulation such as handling; fine manipulation such as fingering; and skin receptors which allow him to feel. (R. 253.) Addressing plaintiff's limitations, Dr. Liszka determined that he had a limited ability to push/pull; that he could never crouch, crawl or stoop; and that he could only occasionally climb ramps/stairs/ladders/ropes/scaffolds, balance and stoop. (R. 252.) Dr. Liszka did not find any limitations imposed by plaintiff's tremors, and she found that when plaintiff was distracted, his tremors disappeared. (*Id.*) Dr. Liszka noted that plaintiff's decision to stop working was a personal decision not based upon any medical recommendation. (R. 254.) Finally, Dr. Liszka

4

opined that plaintiff's impairments and their effects would cause him to miss work less than once a month. (*Id.*)

The undersigned finds that Dr. Liszka's opinions, which are entitled to "greater weight," provide substantial support both for the Law Judge's finding that plaintiff's alleged limitations are not credible and that he could perform medium exertional work. *See Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992)(holding that the court generally should accord greater weight to the opinion of the claimant's treating physician.) Dr. Liszka served as plaintiff's primary care physician over a long period of time and treated him on a regular basis.[5] *See Smith v. Schweiker*, 795 F.2d 343, 345-46 (4th Cir. 1986)(stating that opinions from the treating physician are entitled to greater weight on the basis that they reflect expert judgment based on the continuing treatment over a prolonged period of time). She also referred plaintiff to numerous specialists and relied on their opinions and test results to support the opinions and findings she expressed in the July 12, 2006 assessment. (R. 251-254.) As one example, Dr. Liszka referenced the findings of Shubha A. Chumble, M.D., a neurologist, revealing no motor or sensory deficits and a negative electromyogram (EMG) to support her view that plaintiff's tremors did not impose functional limitations. (R. 252-253.)

For these reasons, it is RECOMMENDED that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision, and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding

---

[5] Plaintiff testified at his hearing before the Law Judge that Dr. Liszka had been his doctor for a "long time" and had taken "really good care" of him. (R. 309.)

5

United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

1/23/08
Date