IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| ALBERT G. GAULDIN, ) | |
| ) | Case No. 4:07CV00025 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | By: Jackson L. Kiser |
| ) | Senior United States District Judge |
| Defendant. ) | |

Before me is the *Report and Recommendation* of United States Magistrate Judge B. Waugh Crigler. The Magistrate Judge recommends granting the Defendant's *Motion for Summary Judgment*. I have reviewed the Magistrate Judge's recommendation, as well as the Plaintiff's *Objections*, and Defendant's response to those objections. This matter is now ripe for decision.

For the reasons stated below, I will **ADOPT** the Magistrate Judge's *Report and Recommendation* and **OVERRULE** the Plaintiff's *Objections*. I will **GRANT** the Defendant's *Motion for Summary Judgment* and **DENY** the Plaintiff's *Motion*.

**I.**     **STATEMENT OF FACTS AND PROCEDURAL HISTORY**

Plaintiff Albert G. Gauldin filed an application for disability benefits, and supplemental security income under the Social Security Act ("Act"), on December, 23, 2005. In a decision later adopted as final by the Commissioner after the exhaustion of the administrative appeals process, the Administrative Law Judge ("ALJ") found that Plaintiff had not engaged in substantial gainful activity since his alleged disability onset date, August 5, 2005, and that he was insured for benefits through December 31, 2007. (R. 13, 15.) The ALJ determined that the

1

Plaintiff suffered from severe impairments, including: residuals from leg surgery, accompanied by nerve damage; a herniated disc with chronic pain syndrome; and benign essential hand tremor or seizures. (R. 15.) The ALJ also concluded that Plaintiff's claimed carpal tunnel syndrome, osteoarthritis, hypertension, and anxiety were not severe impairments. (R.15.)

The ALJ also made a finding as to Plaintiff's residual functional capacity ("RFC"), and found that he was able to perform medium exertional work, but was limited in performing actions such as pushing and pulling with hand or foot controls. (R. 16-17.) He could not kneel, crouch or crawl for any period of time, though he could occasionally climb, balance himself, and stoop if necessary for working. (R. 17.) While these limitations precluded Plaintiff from performing his past relevant work as a knitting machine technician, the ALJ, relying on the testimony of a vocational expert, found that Plaintiff could perform several jobs within the national economy.[1] (R. 21-23.) Therefore, the Plaintiff was found to be not disabled under the Act.

Upon the Commissioner's adoption of the ALJ's report as his final decision under the Act and its regulations, Plaintiff challenged the decision in this United States District Court. The matter was referred to Magistrate Judge B. Waugh Crigler, and motions for summary judgment were submitted by both Plaintiff and Defendant. The Magistrate Judge, after reviewing the entire record as well as the motions submitted to this Court, concluded that the ALJ's findings were supported by substantial evidence, and therefore that Defendant's *Motion for Summary Judgment* should be **GRANTED**. Judge Crigler's *Report and Recommendations*, stating his conclusions to

---

[1] These jobs included work as a laundry checker, hand/packer/packager, and packing/filling machine operator. (R. 22, 320-26.)

this effect, was docketed on January 23, 2008, and this matter is now ripe for my review.

## II. STANDARD OF REVIEW

Congress has limited judicial review of decisions by the Social Security Commissioner. I am required to uphold the decision where: (1) the Commissioner's factual findings are supported by substantial evidence and are not clearly erroneous; and (2) the Commissioner applied the proper legal standard. 42 U.S.C. § 405(g); *see also Craig v. Chater,* 76 F.3d 585 (4th Cir. 1996). The Fourth Circuit has long defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (*quoting Richardson v. Perales*, 402 U.S. 389, 401 (1971)). In other words, the substantial evidence standard is satisfied by producing more than a scintilla but less than a preponderance of the evidence. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs, and findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527-404.1545; *Shively v. Heckler*, 739 F.2d 987, 990 (4th Cir. 1984). The Regulations grant the Commissioner latitude in resolving factual inconsistencies that may arise during the evaluation of the evidence. 20 C.F.R. §§ 404.1527, 416.927. If the ALJ's resolution of the conflicts in the evidence is supported by substantial evidence, then I must affirm the Commissioner's final decision. *Laws*, 368 F.2d at 640.

## III. DISCUSSION

Plaintiff contends that the ALJ did not have substantial evidentiary support for his findings of fact and erred in applying the relevant legal standards to this case. As the standard of review requires, I am precluded from judging the evidence in this case in the way a finder of fact

3

would, and instead must review the record and determine whether substantial evidence supports the decision of the Commissioner, and also determine that no legal error has been made. For the reasons given below, I find that the Commissioner had substantial evidence in the record for his conclusion that Plaintiff is not entitled to disability benefits, and that the legal standards under the Act and its regulations were faithfully applied.

Plaintiff objects to the ALJ's reliance on Dr. Liszka, the primary care physician that has regularly attended to Plaintiff's various conditions, because her physical capabilities assessment lacks enough detail to be reliable, and also because her reports downplay Plaintiff's subjective complaints while still prescribing that Plaintiff take a large array of medications. The regulations applicable to this case do not call for a certain level of detail in a medical report by a doctor, and in any event, Dr. Liszka's reports have sufficient detail to be considered reliable reports of a treating physician. Furthermore, declaring that there is nothing significantly wrong with the Plaintiff is not inconsistent with continuing to prescribe medication for him. Indeed, as in other areas of disability law, if prescribed medication strongly relieves a claimant's feelings of discomfort and incapacity for work, the law tends to view that as corroborative of claimant's *fitness*, not his disability. *See Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 488 (1999) (holding that "disability under the [Americans with Disabilities Act] is to be determined with reference to corrective measures," such as medication or corrective lenses).

Plaintiff also objects to the ALJ's failure to consider Dr. Singer's report that the Plaintiff suffers from msucle spasms in the lower back, degenerative disc and joint disease, as well as a disc protrusion. *Pl.'s Objections to the Report and Recommendation of U.S. Magistrate Judge B. Waugh Crigler* 2. Finally, Plaintiff claims that the ALJ improperly found Plaintiff's subjective

4

claims of disabling pain to lack credibility, and legally erred by not finding the Plaintiff disabled on account of pain itself. *Id.* These two objections are actually related. While pain itself can constitute a disability under the Act, the ALJ must ensure that there is objective medical evidence of a condition that could reasonably produce such high levels of pain. *See Craig v. Chater*, 76 F.3d 585, 591-93 (4th Cir. 1996); *Foster v. Heckler*, 780 F.2d 1125, 1128-29 (4th Cir. 1996).

However, objective medical evidence of such a condition is a necessary but not sufficient basis for proving the existence of a disabling level of pain. *Chater*, 76 F.3d at 595 (declaring specifically that "although a claimant's allegations about her pain may not be discredited solely because they are not substantiated by objective evidence of the pain itself or its severity, they need not be accepted to the extent they are inconsistent with the available evidence"). That credibility determination continues to rest with the ALJ, who must consider the evidentiary record of pain as a whole; as I explain below, in this case there is substantial evidence for the ALJ to find that Plaintiff did not suffer from disabling pain and therefore had an RFC that enabled him to perform work in the national economy.

Considering Plaintiff's back disorders, the ALJ found that these problems did not meet the listed impairments in the regulations at 20 C.F.R. § 404, Subpart P, Appendix 1. Plaintiff was deemed "normal" in a neurological examination in August 2005, and although some disorders were detected in various tests by neurologists, there were "no reported objective findings of limitations on physical or neurological examination," no further laboratory tests were requested, and Plaintiff declined an invitation for referral to a pain consultation, preferring instead to obtain pain medications from his primary care physician. (R. 16.) Plaintiff's pattern of examinations by

5

physicians shows that in December 2005, he reported dull back pain that was nevertheless "manageable" through medication, and he resisted the recommendation of one of his spinal doctors to wear a cast. (R. 208-210.)

In April 2006 his primary care physician, Dr. Liszka, concluded that "some of it perhaps, looks induced," in reference to his complaints of lower back pain, chronic pain syndrome, and hand tremor. Dr. Liszka recommended that Plaintiff take Percocet for his pain and decrease his smoking habits, which consist of roughly one and a half packs of cigarettes per day. (R. 19-20.) Even the opinion of Dr. Singer, on whom Plaintiff relies heavily in his brief as a source of testimony contradicting the other medical professionals, states on May 18, 2006, that the "lumbar and thoracic myelogram . . . is normal except for a little canal stenosis at L1-L2. He also has a little bit of narrowing at L3-L4, but *that is not his pain*." (R. 235.) Finally, in October 2006 at a followup appointment with Dr. Liszka, Plaintiff was prescribed more Percocet and referred to a pain clinic. (R. 20.) Plaintiff apparently did not go to the recommended pain clinic for evaluation.

The ALJ found that Plaintiff's hand tremor complaints were exaggerated and relatively benign when considered with Plaintiff's doctor's notes, his ability to perform household chores and drive a motor vehicle, and clinical findings by neurologists. The neurologist Plaintiff saw in August 2004, Dr. Chumble, opined that Plaintiff's tremors were of the benign familial type, related to a positive family history of tremors in his father and sister, and compounded by prior heavy alcohol use and nicotine addiction. (R. 18.) Dr. Burch, evaluating the Plaintiff in May 2006, concurred with this assessment, and beyond recommending different levels of Xanax to be taken by Plaintiff, simply made a three-month followup appointment with Plaintiff. (R. 233.)

6

These doctors remarked both on how surprising it was that Plaintiff's tremors seemed to suspiciously come and go without any discernible medical reason, and on how "normal" or "mild" almost all clinical findings were with respect to Plaintiff's conditions. (R. 143, 232-33.) In sum, there was substantial evidence for the ALJ to rely upon in finding no disabling impairments under the regulations for Plaintiff's back pain, chronic pain syndrome, or hand tremors.

Additionally, in considering Plaintiff's RFC, the ALJ concluded that the Plaintiff has the capacity to perform medium work requiring lifting up to one hundred pounds occasionally and fifty pounds frequently, standing and walking up to six hours in an eight-hour workday, and sitting six hours in a workday. (R. 16, 20, 251-52.) This conclusion was based not only on a finding that Plaintiff's subjective statements regarding pain and discomfort were not credible, but also in heavy reliance upon a physical capacities assessment performed by Dr. Liszka, in July 2006. (R. 20.) When testifying at the hearing before the ALJ, the vocational expert opined that these capabilities would allow Plaintiff to work several jobs in the national economy, although not his previous job as a knitting machine technician due to its higher exertional demands. (R. 22.) Therefore, if the ALJ was entitled to give strong weight to Dr. Liszka's reports and examinations, then the ALJ was also entitled to rely upon the vocational expert's opinion as to Plaintiff's capability for working in the national economy.

Pursuant to 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2), the ALJ was entitled to give controlling weight to the opinions of Dr. Liszka, as Plaintiff's treating physician, where the content of those opinions were not contradicted by credible evidence from other treating sources and were consistent with laboratory and clinical findings. *See Hunter v. Sullivan*, 993 F.2d 31, 35

7

(4th Cir. 1992); *Smith v. Schweiker*, 795 F.2d 343, 345-46 (4th Cir. 1986). Here, the record of neurological screenings and the testimony of specialists does not contradict the opinions of Dr. Liszka. Considering also his long experience in treating the Plaintiff, as well as the ALJ's determination that she was a credible source, it was not clearly erroneous for the ALJ to give great weight to his opinions. The reasons given by the ALJ for his decision in this case, therefore, have been supported by substantial evidence at each step, and the ALJ has not made either legal error or clearly erroneous findings of fact.

## IV. CONCLUSION

For the reasons stated herein, I will **ADOPT** the Magistrate Judge's *Report and Recommendation* and **OVERRULE** Plaintiff's *Objections*. I will **GRANT** Defendant's *Motion for Summary Judgment*, and **DENY** Plaintiff's *Motion for Summary Judgment*. This case will be **DISMISSED** from the active docket of this Court. The Clerk is directed to send a copy of this *Memorandum Opinion* and the accompanying *Order* to all counsel of record.

Entered this 17th day of March, 2008.

s/Jackson L. Kiser
Senior United States District Judge